SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

TARSHNAY JACKSON,

                                     Plaintiff,

       -against-

THE CITY OF NEW YORK, DETECTIVE RONALD REYNOLDS SHIELD NO. 5746 and JOHN DOE POLICE OFFICERS ##1-6

                                  Defendants.

-------------------------------------------------------------- x

**COMPLAINT AND JURY DEMAND**

CV 12-2438

ECF CASE

GLASSER, J.

LEVY, M.J.

FILED CLERK
2012 MAY 15 PM 8:01
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of their rights secured by 42 USC §1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claims arise from a March 29, 2011 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiffs to, among other things, false arrest and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within, and the events occurred within, the

boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff is a citizen of the United States and at all times here relevant resided in, Kings County, New York.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. All individual defendants ("the officers") are employees of the NYPD, and are sued in their official and individual capacities.

9. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

10. On March 29, 2011, at approximately 6:00 p.m., plaintiff was resting at her home at 331 Alabama Ave., Apt. 1F in Brooklyn, NY when the police entered her home and forcibly entered her room.

11. The officers assaulted her, causing serious injury to her eye as well as other injuries.

12. The officers then handcuffed her and dragged her out of her room into the living room, where she was taunted and verbally abused. She was then taken to the lobby of her building, where she was left for a period of time enabling her neighbors to see that she was injured and under arrest.

13. She was released on her own recognizance some 22 hours later. She was charged with misdemeanor counts of possession of a controlled substance, attempted assault and resisting

arrest. Plaintiff denies that she was committing any crime, and all charges were adjourned in contemplation of dismissal.

14. All officers involved in her arrest formed an agreement to falsely arrest and assault her, and failed to intervene in an obvious violation of her constitutional rights, causing injury

15. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

16. As a direct and proximate result of the acts of defendants, plaintiffs suffered the following injuries and damages:

   a. Violation of their rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure;

   b. Violation of their right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

   c. Violation of her New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

   d. Violation of her New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

   e. Physical pain and suffering;

   f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

   g. Loss of liberty.

## FIRST CAUSE OF ACTION
(42 U.S.C. § 1983)

17. The above paragraphs are here incorporated by reference.

18. Defendants acted under color of law and conspired to deprive plaintiff of her civil, constitutional and statutory rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, and are liable to plaintiff under 42 U.S.C. §1983.

19. Defendants falsely arrested and used excessive force against plaintiff, and failed to intervene in each other's obviously illegal actions.

20. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(ASSAULT)

21. The above paragraphs are here incorporated by reference.

22. By swinging at plaintiff, defendants made plaintiff fear for her physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

23. Defendants have deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under common law, 42 USC §1983 and New York State common laws and Constitution.

24. Plaintiff was damaged by defendants' assault.

## THIRD CAUSE OF ACTION
(BATTERY)

25. The above paragraphs are here incorporated by reference.

26. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

4

27. Defendants used excessive and unnecessary force with plaintiff.

28. Defendants have deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

29. Plaintiff was damaged by defendant's battery.

## FOURTH CAUSE OF ACTION
(FALSE ARREST/ FALSE IMPRISONMENT)

30. The above paragraphs are here incorporated by reference.

31. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

32. There was no reasonable expectation of successfully prosecuting plaintiff.

33. Plaintiff was aware of her confinement and did not consent.

34. Defendants acted under color of law and conspired to deprive plaintiff of her civil, constitutional and statutory rights to be free from unreasonable search and seizure, due process of law, and to equal protection under the law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983 and 1985, the Constitution of the State of New York and state common law.

35. Plaintiff has been damaged as a result of defendants' wrongful acts

## FIFTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

36. The preceding paragraphs are here incorporated by reference.

37. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

5

38. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

### SIXTH CAUSE OF ACTION
(CONSTITUTIONAL TORT)

39. All preceding paragraphs are here incorporated by reference.

40. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§ 5, 6 and 12 of the New York State Constitution.

41. A damages remedy here is necessary to effectuate the purposes of §§ 5, 6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

42. As a result of defendants' tortuous conduct, plaintiff was damaged.


WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.  In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B.  Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.  Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.  Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED:    Brooklyn, New York
May 14, 2012

TO:    New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

Detective Ronald Reynolds
Shield no. 5746
Brooklyn North Narcotics Division

Sincerely,

*/s/ Leo G.*

Stoll, Glickman & Bellina, LLP
By: Leo Glickman
Attorney for Plaintiff
475 Atlantic Avenue, 3rd Floor
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com